IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00331-BNB

JAMES WILLIAMS,

    Plaintiff,

v.

C. MESTAS, C/O,
J JONES, AW,
H. A. RIOS, Warden, and
RICHARD SCHOTT, RC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff James Williams is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Allenwood Penitentiary in White Deer, Pennsylvania. Mr. Williams has filed a *pro se* Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. § 2201, and 28 U.S.C. § 1343(a)(3). The Court must construe the Complaint liberally because Mr. Williams is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Although Mr. Williams failed to comply with Magistrate Judge Boyd N. Boland's Order to Cure and submit his claims on a Court-approved form, the Court will review the merits of the claims Mr. Williams asserts in Exhibit 1, which is attached to the Prisoner Complaint filed on March 19, 2009. For the reasons stated below, the Court will dismiss the action pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) as legally frivolous.

Mr. Williams claims that during his transfer from the Florence, Colorado, BOP prison facility to the USP Lee County, Virginia, prison facility in 2005 Defendant C. Mestas violated his Fifth and Fourteenth Amendment rights when he intentionally "breached" Mr. Williams' property, failed to mail Mr. Williams' property to him at the new location, and later destroyed Mr. Williams' legal documents and personal photos. Mr. Williams further asserts that Defendant Mestas also violated his First and Eighth Amendment rights because the destroyed documents included a habeas corpus petition that contained evidence of prosecutorial misconduct in his criminal proceeding and of his innocence, and he was unable to appeal his conviction without the petition.

Mr. Williams' destruction of property claim fails to state a constitutional violation under either the Fifth or Fourteenth Amendment. The prison provided Mr. Williams with an administrative remedy, *see* Ex. A to Application, after the alleged illegal confiscation of his papers and photos. Thus, he was afforded a meaningful post-deprivation remedy for the confiscation and cannot assert a constitutional claim. **See Hudson v. Palmer**, 468 U.S. 517, 533 (1984). Even if Mr. Williams were to assert that Defendant Mestas was negligent in his acts, a claim under the Fifth Amendment is foreclosed by Supreme Court precedent. **See Daniels v. Williams**, 474 U.S. 327 (1986). "[T]he Due Process Clause simply is not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Id.* at 328 (emphasis in original).

Although Mr. Williams does not assert specifically that he challenges the loss of his property under the Federal Tort Claims Act (FTCA), he has attached to his Application a copy of a memorandum he received as a final denial of his FTCA claim regarding the loss of his personal property. To the extent that the Court may construe

2

Mr. Williams' loss of property claim as an FTCA claim, in **Ali v. Federal Bureau of Prisons**, 128 S. Ct. 831, 2008 WL 169359 (January 22, 2008), the Supreme Court held that the language under 28 U.S.C. § 2680(c) barred a federal prisoner's FTCA claim in connection with alleged mishandling of a prisoner's personal property by a BOP officer during a transfer to another prison facility. In doing so, the Supreme Court also determined that the United States maintains sovereign immunity with respect to the detention of a prisoner's property. **Ali**, 128 S. Ct. at 841.

To the extent that the Court construes the action as filed pursuant to FTCA and Mr. Williams asserts that the taking and ultimate destruction of his property was an unauthorized intentional act by Defendant Mestas, under 28 U.S.C. § 2680(h), a claim premised on an alleged "intentional" destruction of property is outside the scope of the FTCA. **See** 28 U.S.C. § 2680(h) (the waiver of immunity for intentional torts is limited to assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution); **Lane v. Pena**, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied[.]"). Therefore, Mr. Williams' destruction of property claim will be dismissed as legally frivolous.

As for Mr. Williams' First Amendment and Eighth Amendment claims regarding his inability to file a habeas corpus action, a prisoner retains a fundamental right of access to the courts. **Lewis v. Casey**, 518 U.S. 343, 346 (1996). The right prohibits prison officials from hindering a prisoner's efforts to construct a nonfrivolous appeal or claim, including the improper destruction of an prisoner's legal materials. **Green v. Johnson**, 977 F.2d 1383, 1389-90 (10th Cir. 1992). Nonetheless, to state an actionable

claim for the deprivation of this right Mr. Williams must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." *Id.* at 351. The right of access to the courts extends only to protect an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell,* 418 U.S. 539, 576 (1974); *Carper v. DeLand,* 54 F.3d 613, 617 (10th Cir.1995).

As stated above, Mr. Williams contends that the legal papers Defendant Mestas destroyed contained a habeas corpus petition, which included evidence of his innocence and of prosecutorial misconduct in his criminal proceedings. Mr. Williams, however, provides nothing more indicating how he tried to pursue a non-frivolous claim in court but was unable to do so because his habeas corpus petition was destroyed. Mr. Williams' allegations are insufficient to demonstrate an actual injury as required under *Casey*. Therefore, Mr. Williams' court access claims will be denied as legally frivolous.

The Court also finds that, even if Mr. Williams' claims were not legally frivolous, they appear to be barred by the statute of limitations. The Court, nonetheless, will dismiss the claims as legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 14 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00331-BNB

James Williams
Reg No. 31734-037
Allenwood FCC
P.O. Box 3000
White Deer, PA 17887

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk